Karen L. JOHNSON and Leola
B. Frierson, Plaintiffs–
Appellants,

v.

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
Defendant–Appellee.

No. 92–4211.

United States Court of Appeals,
Sixth Circuit.

Submitted June 24, 1994.

Decided July 18, 1994.

Steven L. Howland, Hardiman, Alexander, Buchanan & Howland (briefed), Cleveland, OH, for plaintiffs-appellants.

Donna Morros Weinstein, Chief Counsel, Dept. of Health and Human Services, Office of Gen. Counsel, Chicago, IL, Maureen E. Murphy, Iden Grant Martyn, Asst. U.S. Attys., Lynne H. Buck, Asst. U.S. Atty. (briefed), Cleveland, OH, for defendant-appellee.

Before: RYAN, Circuit Judge; KRUPANSKY, Senior Circuit Judge; and SPIEGEL, District Judge.[*]

KRUPANSKY, Senior Circuit Judge.

Plaintiffs–Appellants, Karen L. Johnson and Leola B. Frierson, have appealed the district court's judgment in favor of defendant, United States Department of Health and Human Services (HHS), on plaintiffs' claims alleging discrimination based on race, sex and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* After exhausting their administrative remedies, plaintiffs filed the instant action in federal district court. A trial on the merits was conducted and the district court entered judgment in favor of HHS, concluding that plaintiffs had not proven their claims of discrimination. This timely appeal followed.

Johnson and Frierson are black females, born respectively in 1944 and 1926. Both are employed at the Lorain District Office of the Social Security Administration (SSA). Johnson began working at SSA in 1965 as a GS–2 Clerk Typist. She was promoted in December 1971, to a GS–5 Data Review Technician, and promoted again in September 1990, to a GS–7 Social Insurance Representative. Prior to this 1990 promotion, Johnson had applied for and been denied the promotion to Social Insurance Representative on three occasions in 1986. Frierson began her employment at the Lorain office in 1974 as a GS–2 Clerk Typist. She received subsequent

[*] The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

grade increases to GS–3 and GS–4 in 1975 and 1976. In 1986, she applied for a promotion to the position of Service Representative which she did not receive. Instead, the promotion went to Suzanne Toth, a 38–year old white woman.

■ On appeal, plaintiffs have made a number of assignments of error. First, plaintiffs challenged the district court's determination that they had not proven a prima facie case of retaliation. In order to prove retaliation, a plaintiff must demonstrate: (1) that she was engaged in activity protected under Title VII; (2) that she was the subject of an adverse employment action; and (3) that there is a causal link between the protected activity and the adverse employment action. *Cooper v. City of North Olmsted,* 795 F.2d 1265, 1272 (6th Cir.1986).

■ In the instant case, plaintiffs claim that they were denied promotions in 1986 in retaliation for filing EEOC complaints in 1976. The district court concluded that plaintiffs had not proven a causal connection between the protected activity and the adverse employment decision because the supervisory staff responsible for making promotion decisions in 1986 had no knowledge of plaintiffs' EEOC complaints filed in 1976. This conclusion was based on the supervisors' unequivocal testimony that they were not aware of these complaints until plaintiffs informed them in 1986, after plaintiffs had failed in their bids for promotions. The district court did not clearly err in crediting the supervisors' testimony; hence, the trial court properly concluded that plaintiffs had not shown any causal connection between their 1986 promotion denials and the remote 1976 EEOC complaints. This assignment of error is without merit.

■ Next, plaintiff Frierson argued that the district court clearly erred in concluding that she had not rebutted defendant's nondiscriminatory reason for denial of her promotion. In *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), the Supreme Court set forth the relevant burdens for proving a case of discriminatory treatment under Title VII.

First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Burdine,* 450 U.S. at 252–53, 101 S.Ct. at 1093 (citations omitted).

After plaintiff established her prima facie case of disparate treatment, defendant HHS articulated the nondiscriminatory reason that Frierson was not selected for promotion because her overall job performance and technical, analytical, writing and communication skills were deficient as compared to the selectee. The district court credited this testimony from plaintiff's supervisor and concluded that defendant had met its burden under *Burdine* of articulating a legitimate, nondiscriminatory reason for not promoting Frierson. Furthermore, the court found that Frierson failed to prove that the articulated nondiscriminatory reason was pretext.

On appeal, Frierson has argued that the district court should have found defendant's explanation to be pretext. In support of this argument, however, she simply repeats much of the testimony she gave at trial concerning her own subjective evaluation of her abilities. This court has observed that " '[w]hen findings are based on determinations regarding the credibility of witnesses, Rule 52(a) demands even greater deference to the trial court's findings; for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said.' " *Wooldridge v. Marlene Industries Corp.,* 875 F.2d 540, 543 (6th Cir.1989) (quoting *Anderson v. Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 513 (1985)). Plaintiff has failed to submit any evidence besides her own subjective testimony that she was more qualified for the job

than the selectee. Accordingly, the district court did not err in crediting defendant's testimony and concluding that plaintiff had failed to prove that defendant's articulated reason was pretext.

 Plaintiffs have also challenged the district court's conclusion that they did not prove a prima facie case of disparate impact under Title VII resulting from the allegedly discriminatory tests used in the promotion process. Under a disparate impact theory of employment discrimination, a prima facie case is established when: (1) plaintiff identifies a specific employment practice to be challenged; and (2) through relevant statistical analysis proves that the challenged practice has an adverse impact on a protected group. *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 907–8 (6th Cir.1991). Once a prima facie case is proven, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment practice. *Scales*, 925 F.2d at 908. The burden then shifts back to plaintiff to prove either pretext or that a less discriminatory practice existed which would achieve the same business ends. *Id.*

In the instant case, the district court concluded that plaintiffs had failed to meet their burden of proving a prima facie case. Specifically, the court found that "they did not prove a meaningful statistical analysis, thus precluding a claim under a disparate impact analysis." A district court's determination that statistical evidence is insufficient is subject to a clearly erroneous standard of review. *Scales*, 925 F.2d at 907. Having reviewed the record and the briefs, this court concludes that the district court did not clearly err in finding that plaintiffs' statistical data was insufficient.

As their last assignment of error, plaintiffs have contended that the district court erred because it adopted the defendant's proposed findings of fact and conclusions of law "verbatim" and "without checking them." Plaintiffs have failed to point to any relevant federal authority that would require reversal of the district court's findings of fact and conclusions of law simply because it adopted those proposed by the defendant. This court concludes that the district court did not abuse its discretion in adopting defendant's proposed findings of fact and conclusions of law.

Accordingly, for the reasons stated, the decision of the district court is hereby **AFFIRMED.**